Exhibit A

Case 2:22-cv-00924-DJH   Document 1-3   Filed 05/27/22   Page 2 of 68


Select Language
Powered by Google Translate

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2021-093409 | Judge: | Thompson, Peter |
| File Date: | 7/26/2021 | Location: | Southeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Luisa Acosta | Plaintiff | Female | Eric Jeide |
| Costco Wholesale Corporation | Defendant | | John Belanger |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 5/13/2022 | ODI - Order Of Dismissal | 5/19/2022 | |
| **NOTE:** OF DEFENDANTS JEFF FELZ AND JANE DOE FELZ WITH PREJUDICE | | | |
| 5/10/2022 | SFD - Stipulation For Dismissal | 5/12/2022 | |
| **NOTE:** STIPULATION TO DISMISS DEFENDANTS JEFF FELZ AND JANE DOE FELZ, ONLY, WITH PREJUDICE | | | |
| 4/14/2022 | ORD - Order | 4/18/2022 | |
| **NOTE:** PROTECTIVE AND CONFIDENTIALITY | | | |
| 4/8/2022 | NOT - Notice | 4/14/2022 | |
| **NOTE:** NOTICE OF ASSOCIATION OF COUNSEL WITHIN THE SAME FIRM | | | |
| 4/8/2022 | STP - Stipulation | 4/14/2022 | |
| **NOTE:** STIPULATION FOR PROTECTIVE AND CONFIDENTIALITY ORDER | | | |
| 3/16/2022 | 354 - ME: Transfer from Arbitration to Division | 3/16/2022 | |
| 2/24/2022 | NWA - Notice Withdrawal Of Attorney | 2/27/2022 | |
| **NOTE:** NOTICE OF WITHDRAWAL OF COUNSEL | | | |
| 11/10/2021 | CCA - Cert Compulsory Arbitration | 11/15/2021 | |
| **NOTE:** Amended Certificate of Compulsory Arbitration | | | |
| 10/15/2021 | 324 - ME: Notice Of Appointment Of Arbitrator | 10/15/2021 | |
| 9/14/2021 | ANS - Answer | 9/17/2021 | |
| **NOTE:** DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - EFILE BILLING $245 | | | |
| 9/14/2021 | CCA - Cert Compulsory Arbitration | 9/17/2021 | |
| **NOTE:** DEFENDANT COSTCO WHOLESALE CORPORATION'S CERTIFICATE OF COMPULSORY ARBITRATION | | | |
| 8/25/2021 | AMC - Amended Complaint | 8/30/2021 | |
| **NOTE:** Amended Complaint | | | |
| 7/29/2021 | AFS - Affidavit Of Service | 8/3/2021 | |
| **NOTE:** COSTCO WHOLESALE CORPORATION | | | |
| 7/26/2021 | COM - Complaint | 7/26/2021 | |
| **NOTE:** Complaint | | | |
| 7/26/2021 | CSH - Coversheet | 7/26/2021 | |
| **NOTE:** Civil Cover Sheet | | | |
| 7/26/2021 | CCS - Cerificate Arbitration - Subject To | 7/26/2021 | |
| **NOTE:** Certificate Of Compulsory Arbitration - Is Subject To | | | |
| 7/26/2021 | SUM - Summons | 7/26/2021 | |
| **NOTE:** Summons | | | |

## Case Calendar

**There are no calendar events on file**

**Judgments**

**There are no judgments on file**

 CT Corporation

**Service of Process Transmittal**
07/28/2021
CT Log Number 539980556

**TO:** Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1901 S. Meyers Rd, Suite 200C
Oakbrook Terrace, IL 60181

**RE:** **Process Served in Arizona**

**FOR:** Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Luisa Acosta, etc., Pltf. vs. Costco Wholesale Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # CV2021093409 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/28/2021 at 10:01 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/28/2021, Expected Purge Date: 08/12/2021 |
| | Image SOP |
| | Email Notification,  Laura Aznavoorian  laura_aznavoorian@gbtpa.com |
| | Email Notification,  Zois Johnston  zjohnston@costco.com |
| | Email Notification,  Maureen Papier  maureen_papier@gbtpa.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>3800 N. Central Avenue<br>Suite 460<br>Phoenix, AZ 85012 |
| | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Jul 28, 2021

**Server Name:**                   Mike Cryan


Entity Served                      COSTCO WHOLESALE CORPORATION

Case Number                        Cv2021-093409

Jurisdiction                       AZ



Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
7/26/2021 1:55:33 PM
Filing ID 13169690

Person/Attorney Filing: Eric Jeidi
Mailing Address: 500 West Ray Road, Suite 10
City, State, Zip Code: Chandler, AZ 85225
Phone Number: (480)744-6550
E-Mail Address: eric@bigchadlaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 029766, Issuing State: AZ

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Luisa Acosta<br>Plaintiff(s),<br>v.<br>Costco Wholesale Corporation<br>Defendant(s). | Case No. **CV2021-093409**<br><br>**SUMMONS** |

To: Costco Wholesale Corporation

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *July 26, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5935414

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
7/26/2021 1:55:33 PM
Filing ID 13169689

Person/Attorney Filing: Eric Jeidi
Mailing Address: 500 West Ray Road, Suite 10
City, State, Zip Code: Chandler, AZ 85225
Phone Number: (480)744-6550
E-Mail Address: eric@bigchadlaw.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 029766, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Luisa Acosta
Plaintiff(s),
v.
Costco Wholesale Corporation
Defendant(s).

Case No.  **CV2021-093409**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED this**

By: Eric Jeidi /s/
**Plaintiff/Attorney for Plaintiff**

AZTurboCourt.gov Form Set #5935414

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
7/26/2021 1:55:33 PM
Filing ID 13169687

1   **BIG CHAD LAW, LLC**
    Chad A. Schaub, Bar No. 030226
2   Spenser W. Call, Bar No. 024131
3   Eric J. Jeide, Bar No. 029766
    500 West Ray Road, Suite 10
4   Chandler, Arizona 85225
5   Phone: (480) 744-6550
    Fax: (480) 717-4041
6   chad@bigchadlaw.com
7   spenser@bigchadlaw.com
    eric@bigchadlaw.com
8
9   *Attorneys for Plaintiff*

10              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11               **IN AND FOR THE COUNTY OF MARICOPA**

12
    | | |
    |---|---|
    | LUISA ACOSTA, an individual; | Case No:  **CV2021-093409** |
    | Plaintiff, | |
    | vs. | **COMPLAINT** |
    | COSTCO WHOLESALE CORPORATION, a Washington Corporation, ABC CORPORATIONS, 1-10; XYZ PARTNERSHIPS 1-10; and JOHN AND JANE DOES 1-10, inclusive, | |
    | Defendants. | |

13

14

15

16

17

18

19

20

21      Plaintiff, LUISA ACOSTA, by and through counsel undersigned, for his Complaint,

22  alleges as follows:

23          1.   Venue is proper in Maricopa County, Arizona.

24          2.   Discovery Tier: Pursuant to Arizona Rules of Civil Procedure, Rule 26.2(c)(3),

25  the Court should assign this case as a **Tier 1** based on the amount of damages requested.

26          3.   Plaintiff, LUISA ACOSTA, is a married person and a resident of Maricopa

27  County, Arizona.

28          4.   Defendant, COSTCO WHOLESALE CORPORATION (Herein "COSTCO");

1   a Washington Corporation doing business in Maricopa County, that caused an event to occur
2   which is the subject of Plaintiff's Complaint herein.

3   5.   Defendants JOHN and JANE DOES I-V, ABC CORPORATIONS I-X and/or
4   PARTNERSHIPS I-X are corporations, business entities, persons, agents, servants, or
5   employees whose true names are not known to Plaintiff. To the extent of discovery to be
6   conducted, Plaintiff alleges that JOHN and JANE DOES I-V, ABC CORPORATIONS I-X
7   and/or PARTNERSHIPS I-X are residents of the County of Maricopa, State of Arizona, and
8   they caused an event to occur in the State of Arizona out of which Plaintiff's cause of action
9   arose. Plaintiff requests leave of Court to amend the Complaint once the true identities of
10  these Defendants become known to Plaintiff.

11  6.   The plaintiff, LUISA ACOSTA, is informed, believes, and thereupon alleges that
12  the Defendant, COSTCO, designated herein are anyone of the following:

13      a.  Parties responsible in some manner for the events and happenings herein
14          referred to that caused injuries and damages proximately thereby to the
            Plaintiff as herein alleged;
15
16      b.  Parties that are the agents, servants, employees, and/or contractors of the
            Defendants, each of them acting within the course and scope of their agency,
17          employment, or contract;

18      c.  Parties that own, lease, manage, operate, secure, inspect, repair, maintain
            and/or are responsible for the Defendant and/or Defendant's business
19          referred to hereinafter; or

20      d.  Parties that have assumed or retained the liabilities of any of the Defendants
21          by virtue of an agreement sale, transfer or otherwise.

22  7.   The corporate Defendant, COSTCO, is believed to be authorized and is doing
23  business in the State of Arizona.

24  8.   The amount in controversy satisfies the jurisdiction requirement of the Maricopa
25  County Superior Court.

26  9.   On August 5, 2019, Plaintiff, LUISA ACOSTA, sustained severe injuries when
27  she tripped on tape protruding from the ground near the front counter in the food court
28  section, at Defendant, COSTCO's Arizona location at 10000 West McDowell Road,

Avondale, AZ 85392 and fell to the ground. A dangerous and hazardous condition was created by Defendant, COSTCO, when the premises located at 10000 West McDowell Road, Avondale, AZ 85392, was not properly maintained.

10.   Plaintiff, LUISA ACOSTA was lawfully on Defendant, COSTCO's, premises when the incident occurred.

11.   At the time of the incident, Defendant, COSTCO, owned, controlled, and/or managed the premises where the incident occurred.

12.   The incident was caused by the negligent and careless manner in which Defendant, COSTCO, a Washington Corporation, failed to maintain the premises; failed to remove and/or fix the protruding tape; and/or failed to provide notice of a hazardous and dangerous condition for people in Plaintiff, LUISA ACOSTA's position; and failed to warn Plaintiff, LUISA ACOSTA, of the same.

13.   Defendants, in whole or in part, were in control of or legally responsible for the premises, including without limitations, the area where the incident occurred.

14.   As a direct result of Defendants' negligence, the premises constituted an unreasonably dangerous condition for which Defendants knew or should have known.

15.   Defendants' actions and/or inactions, including but not limited to, their mode of operation, their failure to properly maintain the floor in a reasonably safe manner, their failure to warn about; their failure guard against the dangers presented by the dangerous condition and failing to remedy the dangerous condition all separately or together were negligent.

16.   As a direct and proximate result of the conduct of Defendants, Plaintiff sustained severe, injuries which have resulted in considerable pain, suffering, inconvenience, and loss of enjoyment of life, and will cause future pain and suffering.

17.   As a further direct and proximate result of the negligence of Defendants, Plaintiff has incurred medical and related expenses for care and treatment and will incur such expenses in the future.

18.   WHEREFORE, Plaintiff requests judgment against Defendant, as follows:

1.  For general damages for Plaintiff's physical, mental pain, and suffering, inconvenience and ability to enjoy life;

2.  Plaintiff's medical and related expenses incurred and to be incurred as a result of the above described accident.

3.  Plaintiff's reasonable value of medical and related expenses incurred to date and to be incurred in the future;

4.  For the reasonable value of Plaintiff's mileage expenses;

5.  For the reasonable value of loss of earnings and/or of earning capacity of Plaintiff;

6.  For Plaintiff's costs and expenses incurred to date and to be incurred in the future in this action; and

7.  For such other and further relief that this Court deems just and proper.

DATED July 26, 2021.

**BIG CHAD LAW**


By:  /s/ Eric J. Jeide
     Eric J. Jeide, Esq.
     *Attorneys for Plaintiffs*

-4-

**BIG CHAD LAW, LLC**
Chad A. Schaub, Bar No. 030226
Spenser W. Call, Bar No. 024131
Eric J. Jeide, Bar No. 029766
500 West Ray Road, Suite 10
Chandler, Arizona 85225
Phone: (480) 744-6550
Fax: (480) 717-4041
chad@bigchadlaw.com
spenser@bigchadlaw.com
eric@bigchadlaw.com

*Attorneys for Plaintiff*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LUISA ACOSTA, an individual, | Case No: CV2021-093409 |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT** |
| COSTCO WHOLESALE CORPORATION, a Washington Corporation, JEFF FELZ and JANE DOE FELZ, husband and wife; ABC CORPORATIONS, 1-10; XYZ PARTNERSHIPS 1-10; and JOHN AND JANE DOES 1-10, inclusive, | |
| Defendants. | |

Plaintiff, LUISA ACOSTA, by and through counsel undersigned, for his Amended Complaint (***amendments are in bold italics***), alleges as follows:

1.  Venue is proper in Maricopa County Arizona.

2.  Discovery Tier: Pursuant to Arizona Rules of Civil Procedure, Rule 26.2(c)(3), the Court should assign this case as a ***Tier 2*** based on the amount of damages requested.

3.  Plaintiff, LUISA ACOSTA, is a married person and a resident of Maricopa County, Arizona.

4.     Defendant, COSTCO WHOLESALE CORPORATION (Herein "COSTCO"); a Washington Corporation doing business in Maricopa County, that caused an event to occur which is the subject of Plaintiff's Complaint herein.

*5.     Upon information and belief, Defendants JEFF FELZ and JANE DOE FELZ, were a married couple at the times relevant hereto and residents of Maricopa County, Arizona. The true identity of JANE DOE FELZ is presently unknown to Plaintiff, and Plaintiff will seek leave to amend his Complaint when her true identity is ascertained. Upon information and belief, at all times alleged herein, Defendant, JEFF FELZ was acting individually and on behalf of and in furtherance of his marital community with JANE DOE FELZ.*

6.     Defendants JOHN and JANE DOES I-V, ABC CORPORATIONS I-X and/or PARTNERSHIPS I-X are corporations, business entities, persons, agents, servants, or employees whose true names are not known to Plaintiff. To the extent of discovery to be conducted, Plaintiff alleges that JOHN and JANE DOES I-V, ABC CORPORATIONS I-X and/or PARTNERSHIPS I-X are residents of the County of Maricopa, State of Arizona, and they caused an event to occur in the State of Arizona out of which Plaintiff's cause of action arose. Plaintiff requests leave of Court to amend the Complaint once the true identities of these Defendants become known to Plaintiff.

7.     The plaintiff, LUISA ACOSTA, is informed, believes, and thereupon alleges that the Defendant, COSTCO, designated herein are anyone of the following:

     a.  Parties responsible in some manner for the events and happenings herein referred to that caused injuries and damages proximately thereby to the Plaintiff as herein alleged;

     b.  Parties that are the agents, servants, employees, and/or contractors of the Defendants, each of them acting within the course and scope of their agency, employment, or contract;

     c.  Parties that own, lease, manage, operate, secure, inspect, repair, maintain and/or are responsible for the Defendant and/or Defendant's business referred to hereinafter; or

d.  Parties that have assumed or retained the liabilities of any of the Defendants by virtue of an agreement sale, transfer or otherwise.

8.    The corporate Defendant, COSTCO, is believed to be authorized and is doing business in the State of Arizona.

9.    The amount in controversy satisfies the jurisdiction requirement of the Maricopa County Superior Court.

10.    On August 5, 2019, Plaintiff, LUISA ACOSTA, sustained severe injuries when she tripped on tape protruding from the ground near the front counter in the food court section, at Defendant, COSTCO's Arizona location at 10000 West McDowell Road, Avondale, AZ 85392 and fell to the ground. A dangerous and hazardous condition was created by Defendant, COSTCO, when the premises located at 10000 West McDowell Road, Avondale, AZ 85392, was not properly maintained.

11.    Plaintiff, LUISA ACOSTA was lawfully on Defendant, COSTCO's, premises when the incident occurred.

12.    At the time of the incident, Defendants owned, controlled, and/or managed the premises where the incident occurred.

13.    The incident was caused by the negligent and careless manner in which Defendants failed to maintain the premises; failed to remove and/or fix the protruding tape; and/or failed to provide notice of a hazardous and dangerous condition for people in Plaintiff, LUISA ACOSTA's position; and failed to warn Plaintiff, LUISA ACOSTA, of the same.

14.    Defendants, in whole or in part, were in control of or legally responsible for the premises, including without limitations, the area where the incident occurred.

15.    As a direct result of Defendants' negligence, the premises constituted an unreasonably dangerous condition for which Defendants knew or should have known.

16.    Defendants' actions and/or inactions, including but not limited to, their mode of operation, their failure to properly maintain the floor in a reasonably safe manner, their failure to warn about; their failure guard against the dangers presented by the dangerous

condition and failing to remedy the dangerous condition all separately or together were negligent.

17.   As a direct and proximate result of the conduct of Defendants, Plaintiff sustained severe, injuries which have resulted in considerable pain, suffering, inconvenience, and loss of enjoyment of life, and will cause future pain and suffering.

18.   As a further direct and proximate result of the negligence of Defendants, Plaintiff has incurred medical and related expenses for care and treatment and will incur such expenses in the future.

19.   WHEREFORE, Plaintiff requests judgment against Defendant, as follows:

1. For general damages for Plaintiff's physical, mental pain, and suffering, inconvenience and ability to enjoy life;

2. Plaintiff's medical and related expenses incurred and to be incurred as a result of the above described accident.

3. Plaintiff's reasonable value of medical and related expenses incurred to date and to be incurred in the future;

4. For the reasonable value of Plaintiff's mileage expenses;

5. For the reasonable value of loss of earnings and/or of earning capacity of Plaintiff;

6. For Plaintiff's costs and expenses incurred to date and to be incurred in the future in this action; and

7. For such other and further relief that this Court deems just and proper.

DATED: August 25, 2021.

**BIG CHAD LAW**

By:   _/s/ Eric J. Jeide_
       Eric J. Jeide, Esq.
       *Attorneys for Plaintiffs*

1  BREMER WHYTE BROWN & O'MEARA LLP
   John J. Belanger, Esq., State Bar No. 021671
2  jbelanger@bremerwhyte.com
   Emily C. Cunion, Esq., State Bar No. 033412
3  ecunion@bremerwhyte.com
   8950 South 52nd Street, Suite 201
4  Tempe, AZ 85284
   Telephone: (602) 274-1204
5  Facsimile: (602) 274-1205

6  Attorneys for Defendant,
   Costco Wholesale Corporation
7

8          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9             **IN AND FOR THE COUNTY OF MARICOPA**

10

11 | LUISA ACOSTA, an individual, | ) | Case No. CV2021-093409 |
   |                              | ) |                        |
12 |            Plaintiff,        | ) | **DEFENDANT COSTCO** |
   |                              | ) | **WHOLESALE CORPORATION'S** |
13 |            vs.               | ) | **CERTIFICATE OF COMPULSORY** |
   |                              | ) | **ARBITRATION** |
14 | COSTCO WHOLESALE CORPORATION, | ) |  |
   | a Washington Corporation, ABC | ) | (Assigned to the Honorable Peter |
15 | CORPORATIONS, 1-10; XYZ       | ) | Thompson) |
   | PARTNERSHIPS 1-10; and JOHN AND | ) |  |
16 | JANE DOES 1-10, inclusive,    | ) |  |
   |                              | ) |  |
17 |            Defendants.        | ) |  |

18

19        The undersigned certifies that Plaintiff alleges that the award sought, including

20 punitive damages, but excluding, interest, attorneys' fees and costs, exceeds the limits set by

21 the Local Rule for compulsory arbitration.  At this time, Defendant is without information to

22 controvert Plaintiff's allegation.

23 Dated:  September 14, 2021          BREMER WHYTE BROWN & O'MEARA LLP

24

25                                    By:  */s/ John Belanger*
                                          John J. Belanger, Esq.
26                                        Emily C. Cunion, Esq.
                                          Attorneys for Defendant
27                                        Costco Wholesale Corporation

28

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

1491.025  4829-3224-1915.5

1    **ORIGINAL** of the foregoing e-filed this

2    14th day of September 2021 with:

3    Clerk of the Court

4    Maricopa County Superior Court
     *(via TurboCourt)*

5    **COPY** of the foregoing e-mailed this

6    14th day of September 2021 to:

7    chad@bigchadlaw.com
     spenser@bigchadlaw.com

8    eric@bigchadlaw.com

9    Chad A. Schaub, Esq.
     Spenser W. Call, Esq.

10   Eric J. Jeide, Esq.
     Big Chad Law, LLC

11   500 West Ray Road, Suite 10
     Chandler, Arizona 85225

12   *Attorneys for Plaintiff*

13   By: */s/ DD Waldron*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

2

1491.025  4829-3224-1915.5

1  BREMER WHYTE BROWN & O'MEARA LLP
   John J. Belanger, Esq., State Bar No. 021671
2  jbelanger@bremerwhyte.com
   Emily C. Cunion, Esq., State Bar No. 033412
3  ecunion@bremerwhyte.com
   8950 South 52nd Street, Suite 201
4  Tempe, AZ 85284
   Telephone:  (602) 274-1204
5  Facsimile:  (602) 274-1205

6  Attorneys for Defendant,
   Costco Wholesale Corporation
7

8          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9              **IN AND FOR THE COUNTY OF MARICOPA**

10

11  LUISA ACOSTA, an individual,        )   Case No. CV2021-093409
                                        )
12                Plaintiff,            )   **DEFENDANT COSTCO**
                                        )   **WHOLESALE CORPORATION'S**
13         vs.                          )   **ANSWER TO PLAINTIFF'S FIRST**
                                        )   **AMENDED COMPLAINT**
14  COSTCO WHOLESALE CORPORATION,       )
    a Washington Corporation, ABC       )   (Assigned to the Honorable Peter
15  CORPORATIONS, 1-10; XYZ             )   Thompson)
    PARTNERSHIPS 1-10; and JOHN AND     )
16  JANE DOES 1-10, inclusive,          )
                                        )
17                Defendants.           )
                                        )
18

19         Defendant Costco Wholesale Corporation ("Costco") for itself alone, and for no

20  others, by and through its attorneys of record, Bremer, Whyte, Brown, & O'Meara, LLP,

21  hereby answers and responds to Plaintiff Luisa Acosta's ("Plaintiff") First Amended

22  Complaint as follows:

23         1.     Costco admits the allegations contained within Paragraph 1 of the First

24  Amended Complaint.

25         2.     Costco does not contest Plaintiff's designation of this case as a Tier 2 case.

26         3.     Answering Paragraph 3, no allegation is asserted against Costco; however, if it

27  is deemed that an allegation is asserted, Costco denies same.

28

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

1491.025  4849-4627-3524.3

1   4.   Costco admits the allegations contained within Paragraph 4 of the First
2   Amended Complaint insofar as Costco is a Washington corporation doing business in
3   Maricopa County.  Costco denies all remaining allegations contained within Paragraph 4.

4   5.   Answering Paragraphs 5 and 6, no allegation is asserted against Costco;
5   however, if it is deemed that an allegation is asserted, Costco denies same.

6   6.   Costco denies the allegations contained in Paragraph 7(a) and 7(b) of the First
7   Amended Complaint as they pertain to Costco.

8   7.   Costco admits the allegations contained within Paragraph 7(c) of the First
9   Amended Complaint.

10   8.   Costco denies the allegations contained in Paragraph 7(d) of the First Amended
11   Complaint as they pertain to Costco.

12   9.   Costco admits the allegations contained within Paragraphs 8 and 9 of the First
13   Amended Complaint.

14   10.   Costco denies the allegations contained in Paragraph 10 of the First Amended
15   Complaint as they pertain to Costco.

16   11.   Costco is without sufficient information and/or knowledge to form a belief as
17   to the truthfulness of the allegations contained in Paragraph 11 of the First Amended
18   Complaint, and, therefore, denies those allegations and demands strict proof thereof.

19   12.   Costco admits the allegations contained within Paragraph 12 of the First
20   Amended Complaint.

21   13.   Costco denies the allegations contained in Paragraph 13 of the First Amended
22   Complaint as they pertain to Costco.

23   14.   Costco admits the allegations contained within Paragraph 14 of the First
24   Amended Complaint.

25   15.   Costco denies the allegations contained in Paragraphs 15 and 16 of the First
26   Amended Complaint as they pertain to Costco.

27   16.   In answering Paragraphs 17 and 18, Costco denies that Plaintiff has suffered or
28   will suffer any damages as a result of any action or inaction by Costco.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

2

1491.025  4849-4627-3524.3

1

**GENERAL RESPONSE**

2     17.     Costco denies each and every allegation of the First Amended Complaint not

3 specifically admitted herein.

4

**AFFIRMATIVE DEFENSES**

5     18.     Costco denies the breach of any duty whatsoever to Plaintiff.

6     19.     Costco denies that Costco caused damages to Plaintiff.

7     20.     Costco affirmatively alleges that Plaintiff's First Amended Complaint and each

8 and every portion thereof fails to set forth facts sufficient to constitute any viable cause of

9 action as against Costco.

10     21.     Costco affirmatively alleges Plaintiff failed to state claims for which relief can

11 be granted.

12     22.     Costco affirmatively alleges the claims asserted in the First Amended

13 Complaint are barred by the applicable statute of limitations and/or *laches*.

14     23.     Costco affirmatively alleges that Plaintiff failed to make a reasonable effort to

15 mitigate the damages, if any, in whole or in part.

16     24.     Costco affirmatively alleges Plaintiff's claims are barred by Plaintiff's

17 assumption of the risk.

18     25.     Costco affirmatively alleges that at or about the time of place referenced in

19 Plaintiff's First Amended Complaint, if Plaintiff suffered any injury or damages, any such

20 injury or damage was proximately and legally caused and contributed to the negligence and

21 fault of Plaintiff, and that said negligence and fault of Plaintiff reduces, pro rata, any recovery

22 otherwise available to Plaintiff.

23     26.     Costco affirmatively alleges and without admitting Plaintiff has suffered or will

24 suffer, any damages or injuries as a result of the conduct alleged in Plaintiff's First Amended

25 Complaint, that any damages or injuries which were or will be sustained by Plaintiff was

26 caused in whole or in part by the negligence and/or tortious acts, omissions and/or conduct

27 of persons, parties or entities other than Costco.  Any damages recoverable by Plaintiff must

28

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

3

1491.025  4849-4627-3524.3

1    be diminished in proportion to the amount of fault attributed to said other persons, parties, or

2    entities.

3        27.     Costco affirmatively alleges that Plaintiff's First Amended Complaint and

4    causes of action against Costco fail to state any claim for which it is entitled to attorneys'

5    fees.

6        28.     Costco affirmatively alleges that Plaintiff's First Amended Complaint and

7    causes of action against Costco fail to set forth facts sufficient to give rise to exemplary or

8    punitive damages.

9        29.     Costco incorporates any and all affirmative defenses of any and all parties

10    hereto.

11        30.     Costco does not presently have specific facts in support of the remaining

12    defenses; however, it wishes to put Plaintiff on notice that it hereby raises the following

13    defenses which through subsequent discovery may indeed be supported by facts: accord and

14    satisfaction, arbitration and award, assumption of risk, estoppel, economic loss doctrine,

15    failure to mitigate damages, failure to minimize damages, laches, lack of jurisdiction,

16    payment, release, *res judicata*, collateral estoppel, statute of limitations, settlement and

17    release, and waiver.

18        31.     Costco reserves the right to plead further affirmative defenses including but not

19    limited to those affirmative defenses set forth in Rules 8(c) and 12(b), Arizona Rules of Civil

20    Procedure, as may be justified by the facts determined during discovery.

21        WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Costco

22    respectfully requests this Court enter judgment in its favor and against Plaintiff as follows:

23        A.     That Plaintiff's First Amended Complaint be dismissed with prejudice and that

24    Plaintiff takes nothing thereby;

25        B.     Costco be awarded its costs and reasonable attorneys' fees incurred herein; and

26        C.     For such other and further relief as this Court deems just and proper under the

27    circumstances.

28

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

4

1491.025  4849-4627-3524.3

1

## **DEMAND FOR JURY TRIAL**

2      Costco Wholesale Corporation by and through counsel undersigned, BREMER

3  WHYTE BROWN & O'MEARA LLP, hereby demands a trial by jury in this matter.

4  Dated:  September 14, 2021                    BREMER WHYTE BROWN & O'MEARA LLP

5

6                                              By:  */s/ John Belanger*_____
                                                    John J. Belanger, Esq.
7                                                   Emily C. Cunion, Esq.
                                                    Attorneys for Costco
8                                                   Costco Wholesale Corporation

9  **ORIGINAL** of the foregoing e-filed this
   14th day of September 2021 with:
10

11  Clerk of the Court
    Maricopa County Superior Court
12  *(via TurboCourt)*

13
    **COPY** of the foregoing e-mailed this
14  14th day of September 2021 to:

15  chad@bigchadlaw.com
    spenser@bigchadlaw.com
16  eric@bigchadlaw.com
    Chad A. Schaub, Esq.
17  Spenser W. Call, Esq.
    Eric J. Jeide, Esq.
18  Big Chad Law, LLC
    500 West Ray Road, Suite 10
19  Chandler, Arizona 85225
    *Attorneys for Plaintiff*
20

21  By: */s/ DD Waldron*

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

5

1491.025  4849-4627-3524.3

**BIG CHAD LAW, LLC**
Chad A. Schaub, Bar No. 030226
Spenser W. Call, Bar No. 024131
Eric J. Jeide, Bar No. 029766
500 West Ray Road, Suite 10
Chandler, Arizona 85225
Phone: 602.553.0000
Fax: 480.717.4041
minuteentries@bigchadlaw.com

*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LUISA ACOSTA, an individual, | Case No: CV2021-093409 |
| Plaintiff, | |
| vs. | **AMENDED CERTIFICATE OF COMPULSORY ARBITRATION** |
| COSTCO WHOLESALE CORPORATION, a Washington Corporation, JEFF FELZ and JANE DOE FELZ, husband and wife; ABC CORPORATIONS, 1-10; XYZ PARTNERSHIPS 1-10; and JOHN AND JANE DOES 1-10, inclusive, | |
| Defendants. | |

The parties were recently made aware of the appointment of an arbitrator in this matter. Upon investigation, Plaintiff discovered that the Complaint was correct in certifying this matter as a Tier II case. However, the Certificate of Compulsory Arbitration erroneously stated that the matter was, nonetheless, subject to arbitration. Plaintiff apologizes for this error and hereby certifies that the amount in controversy EXCEEDS $50,000.00 and, therefore, is NOT subject to compulsory arbitration.

. . . .

DATED: November 10, 2021.

**BIG CHAD LAW**


By: ___/s/ Eric J. Jeide_____
       Eric J. Jeide, Esq.
       *Attorneys for Plaintiffs*

ORIGINAL filed November 10, 2021.

COPIES emailed November 10, 2021, to:

John J. Belanger, Esq.
Emily C. Cunion, Esq.
Bremer Whyte Brown & O'Meara LLP
8950 South 52nd Street, Suite 201
Tempe, Arizona 85284
jbelanger@bremerwhyte.com
ecunion@bremerwhyte.com
*Attorneys for Defendant Costco Wholesale Corporation*


By: __Erin Lambson___

1491.025
ECC



Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
10/15/2021
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

10/15/2021

COURT ADMINISTRATION

**Case Number:** CV2021-093409

**Luisa Acosta**

**V.**

**Costco Wholesale Corporation**

## NOTICE OF APPOINTMENT OF ARBITRATOR

This case is subject to compulsory arbitration. See Rule 72 of the Arizona Rules of Civil Procedure. Matthew R. Boatman 031277 is appointed to serve as the Arbitrator in this case. The case remains assigned to the Hon. Peter A Thompson. Premises Liability. Non Death Injury.

The appointment is effective as of the date of this Notice of Appointment that appears above. In the event of a conflict of interest or other event that warrants a recusal, the Arbitrator must file a written motion with the assigned judge explaining the reason. A motion that merely recites conclusory language may be denied.

Each side is permitted one change of arbitrator as of right. See Rule 73 (f). Exercising a change of arbitrator requires the filing of a Notice of Change of Arbitrator not later than 10 days after the date of this Notice of Appointment that appears above. Copies of the Notice of Change of Arbitrator must be provided to all parties, the assigned Arbitrator and Civil Court Administration. In addition, a party may ask to have the Arbitrator disqualified for cause by filing a motion, with copies provided to the assigned judge and other parties. Rule 73(g).

The Arbitrator must schedule the arbitration hearing to begin no later than 120 days from the date of this Notice of Appointment of Arbitrator that appears above. See Rule 74(c). The arbitrator will be responsible for deciding all prehearing motions other than those that are listed in Rule 74(d)(1). This means that original motions to be decided by the Arbitrator, responses, and replies should be filed, with copies provided to the Arbitrator and the other parties.

The arbitrator may obtain the case file from the Clerk of Court's Electronic Court Record Online (ECR Online) by emailing a copy of this notice to efilesupport @cosc.maricopa.gov or fax to 602-372-8751. An arbitrator who has not registered for the Electronic Court Record (ECR) should do so at: https://ecr.clerkofcourt.maricopa.gov/login.aspx. (In addition, the Arbitrator may obtain a separate packet that includes forms and instructions at https://superiorcourt.maricopa.gov/civil/arbitration or by calling 602-506-3850) Note that the case file and arbitration packet are two different sets of materials.



RECEIVED
OCT 2 7 2021
By_____

**John J Belanger**
8950 S 52ND ST STE 201

Tempe, AZ   United States   85284

Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
10/15/2021
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

10/15/2021

COURT ADMINISTRATION

**Case Number:** CV2021-093409

**Luisa Acosta**

**V.**

**Costco Wholesale Corporation**

As required by Title VI of the Civil Rights Act of 1964 and the Maricopa County Superior Court Administrative Order number 2012-031, the court must provide reasonable language assistance to persons limited English proficiency (LEP). The court must also provide services to persons covered under the Americans with Disabilities Act who require a sign language interpreter. Counsel or any self-represented party must notify the Arbitrator and the Civil Court Administration of the need for any such services, and the Arbitrator is responsible for notifying both the Civil Court Administration and Court Interpreter Translation Services Department in writing of any hearings, rescheduled hearings, and cancellations.  No private interpreter retained by counsel or any party will be permitted to participate in any hearing conducted by the Arbitrator.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

**John J Belanger**
8950 S 52ND ST STE 201

Tempe, AZ    United States    85284

# Superior Court of Maricopa County - integrated Court Information System
## Arbitrator Party Listing
Case Number: CV2021-093409

| Party Name | Party Role | Attorney Name | |
|---|---|---|---|
| Matthew R. Boatman | Arbitrator | | Bar ID: 031277 |
| Luisa Acosta | PL | Eric Jeide | Bar ID: 029766 |
| Costco Wholesale Corporation | DF | John J Belanger | Bar ID: 021671 |

1  BREMER WHYTE BROWN & O'MEARA LLP
   John J. Belanger, Esq., State Bar No. 021671
2  jbelanger@bremerwhyte.com
   8950 South 52nd Street, Suite 201
3  Tempe, AZ 85284
   Telephone:  (602) 274-1204
4  Facsimile:  (602) 274-1205

5  Attorneys for Defendant,
   Costco Wholesale Corporation
6

7

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                 IN AND FOR THE COUNTY OF MARICOPA

10

11 LUISA ACOSTA, an individual,          )   Case No. CV2021-093409
                                         )
12              Plaintiff,               )   **NOTICE OF WITHDRAWAL OF**
                                         )   **COUNSEL**
13       vs.                             )
                                         )   (Assigned to the Honorable Peter
14 COSTCO WHOLESALE CORPORATION,         )   Thompson)
   a Washington Corporation, JEFF FELZ and )
15 JANE DOE FELZ, husband and wife; ABC  )
   CORPORATIONS, 1-10; XYZ              )
16 PARTNERSHIPS 1-10; and JOHN AND      )
   JANE DOES 1-10, inclusive,           )
17                                       )
              Defendants.                )
18 _____)

19        NOTICE IS HEREBY GIVEN Emily C. Cunion is no longer with the law firm of

20 Bremer Whyte Brown & O'Meara, LLP and, therefore, is no longer counsel of record for

21 Defendant Costco Wholesale Corporation in this action.  Current counsel of record John J.

22 Belanger will remain counsel of record.

23        All future notices, pleadings, papers, and correspondence relevant to this matter

24 should be served upon and/or delivered to the following address:

25 / / / /

26 / / /

27 / / /

28 / / /

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

1491.025  4881-5389-0065.2

John J. Belanger, Esq.
jbelanger@bremerwhyte.com
BREMER WHYTE BROWN & O'MEARA, LLP
8950 South 52nd Street, Suite 201
Tempe, Arizona  85284
Telephone: (602) 274-1204
Facsimile: (602) 274-1205

Dated:  February 24, 2022                    BREMER WHYTE BROWN & O'MEARA LLP


By:  /s/ John J. Belanger
       John J. Belanger, Esq.
       Attorneys for Defendant
       Costco Wholesale Corporation

**ORIGINAL** of the foregoing e-filed this
24th day of February 2022 with:

Clerk of the Court
Maricopa County Superior Court
*(via TurboCourt)*

**COPY** of the foregoing e-mailed this
24th day of February 2022 to:

chad@bigchadlaw.com
spenser@bigchadlaw.com
eric@bigchadlaw.com
Chad A. Schaub, Esq.
Spenser W. Call, Esq.
Eric J. Jeide, Esq.
BIG CHAD LAW, LLC
500 West Ray Road, Suite 10
Chandler, Arizona 85225
*Attorneys for Plaintiff*

By: /s/ Amanda Gramlich

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

2

1491.025  4881-5389-0065.2

Clerk of the Superior Court
*** Electronically Filed ***
03/16/2022 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2021-093409                                          03/15/2022

                                              CLERK OF THE COURT
HONORABLE PETER A. THOMPSON                        V. Felix
                                                   Deputy

LUISA ACOSTA                             ERIC JEIDE

v.

COSTCO WHOLESALE CORPORATION, et al.     JOHN J BELANGER


                                         MATTHEW R. BOATMAN
                                         JEFF FELZ
                                         NO ADDRESS ON RECORD
                                         COURT ADMIN-CIVIL-ARB DESK
                                         JUDGE THOMPSON


**MINUTE ENTRY**


        The Court being in receipt of Plaintiff's Amended Certificate of Compulsory Arbitration
filed on November 10, 2021,

        **IT IS ORDERED** transferring this matter from the Arbitration calendar and returning it
to this division for all further proceedings.

        **IT IS FURTHER ORDERED** relieving Arbitrator Matthew R. Boatman as the assigned
arbitrator in this matter and from all further responsibilities in this case.


Docket Code 354                          Form V000A                          Page 1

1 | BREMER WHYTE BROWN & O'MEARA LLP
John J. Belanger, Esq., State Bar No. 021671
2 | jbelanger@bremerwhyte.com
Ryan S. Leibel, Esq., State Bar No. 037068
3 | rleibel@bremerwhyte.com
8950 South 52nd Street, Suite 201
4 | Tempe, AZ 85284
Telephone:  (602) 274-1204
5 | Facsimile:  (602) 274-1205

6 | Attorneys for Defendant,
Costco Wholesale Corporation
7 |

8 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9 | **IN AND FOR THE COUNTY OF MARICOPA**

10 |

11 | LUISA ACOSTA, an individual,            )            Case No. CV2021-093409
                                          )
12 |           Plaintiff,                  )            **NOTICE OF ASSOCIATION OF**
                                          )            **COUNSEL WITHIN THE SAME**
13 |     vs.                               )            **FIRM**
                                          )
14 | COSTCO WHOLESALE CORPORATION,         )
a Washington Corporation, JEFF FELZ and   )            (Assigned to the Honorable Peter
15 | JANE DOE FELZ, husband and wife; ABC  )            Thompson)
CORPORATIONS, 1-10; XYZ                   )
16 | PARTNERSHIPS 1-10; and JOHN AND       )
JANE DOES 1-10, inclusive,                )
17 |                                       )
          Defendants.                     )
18 | _____)

19 |         NOTICE IS HEREBY GIVEN Ryan S. Leibel of the law firm Bremer Whyte Brown

20 | & O'Meara, LLP will be associating as counsel of record for the above-named Defendant

21 | Costco Wholesale Corporation in this action.  Current counsel of record John J. Belanger will

22 | remain counsel of record.

23 |         All future notices, pleadings, papers and correspondence relevant to this matter should

24 | be served upon and/or delivered to the following address:

25 | / / / /

26 | / / /

27 | / / /

28 | / / /

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

1491.025  4895-7037-5449.2

John J. Belanger, Esq.
jbelanger@bremerwhyte.com
Ryan S. Leibel, Esq.
rleibel@bremerwhyte.com
BREMER WHYTE BROWN & O'MEARA, LLP
8950 South 52nd Street, Suite 201
Tempe, Arizona  85284
Telephone: (602) 274-1204
Facsimile: (602) 274-1205

Dated:  April 8, 2022                    BREMER WHYTE BROWN & O'MEARA LLP


By:  */s/ John Belanger*_____
     John J. Belanger, Esq.
     Ryan S. Leibel, Esq.
     Attorneys for Defendant
     Costco Wholesale Corporation

**ORIGINAL** of the foregoing e-filed this
8th day of April 2022 with:

Clerk of the Court
Maricopa County Superior Court
*(via TurboCourt)*

**COPY** of the foregoing e-mailed this
8th day of April 2022 to:

chad@bigchadlaw.com
spenser@bigchadlaw.com
eric@bigchadlaw.com
Chad A. Schaub, Esq.
Spenser W. Call, Esq.
Eric J. Jeide, Esq.
BIG CHAD LAW, LLC
500 West Ray Road, Suite 10
Chandler, Arizona 85225
*Attorneys for Plaintiff*

By: */s/ Amanda Gramlich*_____

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

2

1491.025  4895-7037-5449.2

CLERK OF THE SUPERIOR COURT
FILED

APR 1 4 2022 @ 4:13pm

V. Felix, Deputy

1   BREMER WHYTE BROWN & O'MEARA LLP
    John J. Belanger, Esq., State Bar No. 021671
2   jbelanger@bremerwhyte.com
    8950 South 52nd Street, Suite 201
3   Tempe, AZ 85284
    Telephone:  (602) 274-1204
4   Facsimile:  (602) 274-1205

5   Attorneys for Defendant,
    Costco Wholesale Corporation
6

7

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                 IN AND FOR THE COUNTY OF MARICOPA

10

11  LUISA ACOSTA, an individual,          )   Case No. CV2021-093409
                                          )
12            Plaintiff,                   )   **PROTECTIVE AND**
                                          )   **CONFIDENTIALITY ORDER**
13       vs.                               )
                                          )   (Assigned to the Honorable Peter
14  COSTCO WHOLESALE CORPORATION,          )   Thompson)
    a Washington Corporation, JEFF FELZ and )
15  JANE DOE FELZ, husband and wife; ABC    )
    CORPORATIONS, 1-10; XYZ                 )
16  PARTNERSHIPS 1-10; and JOHN AND         )
    JANE DOES 1-10, inclusive,             )
17                                          )
              Defendants.                   )
18  _____ )

19       **IT IS HEREBY ORDERED** by and between Plaintiff Luisa Acosta ("Plaintiff") and

20  Defendant Costco Wholesale Corporation ("Costco") (collectively, the "Parties"), granting

21  the Parties' Stipulation for Protective and Confidentiality Order to address the confidentiality

22  and potential dissemination of discovery documents to be produced by the Parties.  In order

23  to preserve the rights of the Parties to claim the confidentiality of certain documents to be

24  produced in this litigation, the Court orders as follows:

25  **I.    SCOPE**

26       The provisions of this Protective Order ("Order") shall govern the disclosure and use

27  by the parties in the above-entitled proceeding (Superior Court of Arizona, Maricopa County,

28  Case No. CV2021-093409) ("Proceeding") of all documents, materials and/or information

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ. 85284
(602) 274-1204

1491.025 4869-4988-6484.2

1   designated in good faith as "Confidential Information," in accordance with the terms of the

2   Order.  The Parties shall undertake in good faith to designate as confidential only those

3   documents which they believe contain confidential, commercially sensitive, or proprietary

4   information.

5   **II.**   **DEFINITIONS**

6       In this Order, the words set forth below shall have the following meanings:

7       A.   **"Court"** means the Hon. Peter Thompson or any other judge or arbitrator to

8       which this Proceeding may be assigned, including Court staff participating in

9       such proceedings.

10       B.   **"Confidential Information"** as used in this Protective Order means Plaintiff's

11       medical documentation or information, or Costco's documentation and

12       information related to internal business operations, designated trade secrets, or

13       other confidential research, pricing, development, technical, procedural,

14       financial or commercial information or personal-identifying information that

15       satisfies the criteria imposed by Arizona Rule of Civil Procedure 26(c)(1)(G)

16       and/or any other state or federal statute imposing restrictions on the

17       dissemination of confidential personal or commercial information.  Any party

18       or non-party (the "Designating Party") may designate as "Confidential" any

19       document, information contained in a document, information revealed during

20       a deposition or information revealed in an interrogatory, answer, or any other

21       discovery response that contains Confidential Information that they produced

22       or that was produced by a non-party but contains Confidential Information

23       relating to the Designating Party.

24       C.   **"Disclosing Party"** means any party to this Proceeding or any non-party

25       disclosing or producing Confidential Information in connection with this

26       Proceeding.

27       D.   **"Receiving Party"** means any party to this Proceeding and any non-party that

28       receives Confidential Information.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

2

E.   **"Discovery Material"** means all items or information produced or generated in disclosures or responses to discovery in this Proceeding, regardless of the medium or manner in which it was stored, generated, or maintained.

F.   **"Document"** shall have the same meaning as defined in Arizona Rule of Evidence 1001, and shall include, without limitation, all original, written, recorded, electronic or graphic, materials, and all copies, duplicates or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

G.   **"Protectable Documents"** means materials, including materials in electronic format, within the scope of Arizona Rule of Civil Procedure 26(b) to be produced or otherwise disclosed by the Parties in this case and which also contain Confidential Information.

H.   **"Confidential Material"** means any deposition testimony, or an electronic or printed transcript of deposition testimony and any document(s) (whether hard copy or electronic format) designated as "Confidential" pursuant to Section III of this Order and any Confidential Information claimed to be contained therein, to the extent allowed by this Order.

III.   **DESIGNATING CONFIDENTIAL INFORMATION**

All Confidential Information as defined in Paragraph II(B) of this Order shall be designated as such by affixing a stamp or label (electronic or otherwise) indicating its status as "CONFIDENTIAL" on each page deemed Confidential.  In the event that Confidential Information is disclosed in a form not appropriate for placing or affixing a legend (i.e. native files), such Confidential Information shall be designated as Confidential by producing a log indicating what information, data, or documents are to be treated with the appropriate designation.  The use of a document as an exhibit at a deposition shall not in any what affect its designation as Confidential.

/ / /

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

3

1491.025 4869-4988-6484.2

1   Answers to interrogatories and responses to requests for admission that contain
2   Confidential Information will be prefaced with the appropriate designation, and all pages
3   thereof containing such Confidential information will be marked with the appropriate
4   designation.

5   A Disclosing Party may designate as Confidential the portions of a transcript
6   containing such material. The Disclosing Party shall advise the court reporter and counsel of
7   record at the beginning and end of the testimony containing Confidential Information
8   ("**Confidential Testimony**") either orally at the deposition or in writing no later than 30
9   calendar days after receipt from the court reporter of the final deposition transcript. During
10  the 30-day period, the parties shall treat the entire transcript as Confidential. The court
11  reporter shall mark "CONFIDENTIAL" on the face of the transcript and at the beginning and
12  end of any portions of Confidential Testimony. A transcript containing Confidential
13  Testimony shall have an obvious legend on the title page that the transcript contains
14  Confidential Testimony, and the title page shall be followed by a list of all pages (including
15  line numbers as appropriate) that have been designated as Confidential. The failure to timely
16  designate deposition testimony as Confidential Testimony waives any such designation
17  unless otherwise ordered by the Court or agreed in writing by all parties.

18  **IV.   LATER DESIGNATIONS OF CONFIDENTIAL INFORMATION**

19  Inadvertent failure to designate materials as Confidential when produced may be
20  remedied by a supplemental written notice by the Disclosing Party, who must notify the
21  Receiving Party within seven calendar days after discovery that it inadvertently failed to
22  designate the information as confidential. If such notice is given, all documents, materials or
23  testimony so designated shall be subject to this Order as if they had been initially designated
24  as Confidential to the extent that such documents, materials or testimony fall within the
25  definition of Confidential Information. Therefore, the Receiving Party should notify any
26  non-party to whom disclosure was made about the confidentiality of designations.

27  The foregoing provision shall not apply to any documents that have already otherwise
28  become publicly available.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

4

1491.025  4869-4988-6484.2

## V.   LIMITED USE OF CONFIDENTIAL INFORMATION

All Confidential Information produced or disclosed in the Proceeding shall be used solely for the prosecution or defense (including any appeal) of this Proceeding, and shall not be used for any other purposes, whether commercial, litigation-related, or otherwise.

## VI.   PERMITTED DISCLOSURES

Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

A.   Counsel of Record in this Proceeding, as well as Counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Proceeding;

B.   The named parties including in-house counsel, officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Proceeding;

C.   During their deposition and deposition preparation, witnesses in the Proceeding to whom disclosure is reasonably necessary and who have signed the Acknowledgement attached hereto as Exhibit A (although such individuals shall not be permitted to retain copies of Confidential Information);

D.   Experts, consultants, or investigators including their staff who have been shown a copy of this Order, advised of its contents and have signed the Acknowledgement attached hereto as Exhibit A;

E.   Outside photocopying database service providers, trial support firms, litigation support services, and translators engaged by the parties during this Proceeding to whom disclosure is reasonably necessary for this Proceeding;

F.   The Court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel and jurors;

G.   Court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Proceeding;

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

5

1491.025 4869-4988-6484.2

H.    Any mediator or arbitrator engaged by the named parties in connection with this Proceeding;

I.    The author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information; and

J.    Other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

Any person or entity in possession of Confidential Information shall maintain those materials in a reasonably secure manner and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Confidential Information is not further disclosed or used in any manner inconsistent with this Order. The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by parties or counsel to and in court or in other settings that might disclose protected material to persons not authorized to receive such material.

Nothing in this Order shall be construed as limiting a Disclosing Party's use of its own Confidential Information. If the Disclosing Party disseminates its own information outside of the confines of this Order, such information shall no longer be subject to this Order.

In addition, nothing in this Order shall prevent or in any way limit disclosure, use, or dissemination of any Confidential Information that:

1.    is or became public knowledge, not in breach of this Order;

2.    was acquired by a party from a non-party having the right to disclose such information; or

3.    was learned by a party as a result of that party's own independent efforts, investigation, or inquiry.

/ / /

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
8050 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

1491.025 4869-4988-6484.2

1    If a dispute arises as to disclosure limitations for any specific Confidential
2    Information, the burden shall be on the party seeking unlimited disclosure to prove that such
3    Confidential Information was lawfully obtained through the above means or sources.

4    **VII.   NON-SHARING PROVISION**

5    To the extent the Parties are requested to produce documents it has determined should
6    not be subject to the sharing provision of this protective order in Section V above, the Parties
7    will designate such documents as "Non-Sharing".  Documents designated as "Non-Sharing"
8    shall not be shared under Section VI.

9    **VIII.  SANCTIONS**

10    Any party who violates this Order may be subject to all sanctions as provided by
11    Arizona Rules of Civil Procedure and case law construing the same, including monetary fines
12    or penalties, and/or a finding of civil contempt.

13    **IX.   DEPOSITIONS, HEARINGS, AND TRIAL**

14    No person may refuse to answer any question at a deposition, hearing, or trial on the
15    ground that the question requires the person to reveal Confidential Information.

16    **X.    PROCEDURE FOR CHALLENGING DESIGNATIONS**

17    No Party shall be obligated to challenge the propriety of a designation of Confidential
18    Information when initially received, and a failure to do so shall not preclude a subsequent
19    challenge thereto. If, at any time, a party objects to a designation of Confidential Information
20    under this Order, the objecting party shall notify the Disclosing Party in writing.  Within 14
21    calendar days of receipt of such notification, counsel for the disclosing party and the objecting
22    party shall meet and confer in a good faith effort to resolve any disagreement regarding the
23    Disclosing Party's designation of the Confidential Information. If, for whatever reason, the
24    parties do not resolve their disagreement within that time period, the party objecting to the
25    claim of confidentiality shall file a motion with the Court seeking resolution of the dispute.
26    The document subject to that motion will be treated as Confidential until the Court rules.
27    Nothing in this Order shall be construed as preventing any party from objecting to the

28

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

7

1491.025  4869-4988-6484.2

1  designation of any documents as Confidential or preventing any party from seeking further

2  protection for any material it produces in discovery.

3  **XI.     INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION**

4         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

5  Confidential Information to any person or in any circumstance not authorized under this

6  Order, the Receiving Party must, no later than 30 calendar days after learning of the

7  disclosure, (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use

8  its best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform

9  the person or persons to whom unauthorized disclosures were made of all the terms of this

10  Order, and (d) request such person or persons to execute the Acknowledgment that is attached

11  hereto as Exhibit A.

12         In addition, in the event a Disclosing Party produces two or more identical copies of

13  a document of which at least one copy is designated as Confidential and at least one copy is

14  not so designated, once such a discrepancy is discovered, all copies of the document shall be

15  treated with the greatest amount of protection so designated.  If a Receiving Party identifies

16  such a discrepancy, it shall promptly notify the Disclosing Party.  Once the Disclosing Party

17  identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to

18  the Proceeding.

19  **XII.    INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

20         When a Disclosing Party gives notice to a Receiving Party that certain inadvertently

21  produced material is subject to a claim of privilege or other protection, the obligations of the

22  Receiving Party are those set forth in Arizona Rules of Civil Procedure, Rule 26.1(h).

23  Nothing contained in this Order shall affect, in any matter, any claim of privilege or work

24  product protections, including but not limited to attorney-client privileges under A.R.S. § 12-

25  2234 and privileges associated with utilization review, peer review, or quality assurance

26  activities.  (A.R.S. §§ 26-441, 36-445, 36-2402, or 36-2917.)

27  / / /

28  / / /

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

8

1491.025 4869-4988-6484.2

# XIII.  <u>SUBPOENA</u>

If a Receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels disclosure of any Confidential Information, that Receiving Party must: (a) promptly notify in writing the Disclosing Party and provide it with a copy of the subpoena or court order; (b) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this Order; and (c) cooperate with respect to all reasonable procedures pursued by the Disclosing Party whose Confidential Information may be affected.

A.  The Disclosing Party must notify the Receiving Party within 30 calendar days of receiving the notice and accompanying information if it intends to seek a protective order from the court to avoid disclosure of the Confidential Information.

B.  If the Disclosing Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court form which the subpoena or order issued, unless the Disclosing Party consents to such production in writing. The Disclosing Party shall bear the burden and expense of seeking protection of its Confidential Information in the court that issued the subpoena or court order.

C.  If the Disclosing Party fails to object or seek a protective order form the court within 30 calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Confidential Information responsive to the subpoena or court order.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Proceeding to disobey a lawful directive from another court.

/ / /

/ / /

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

9

1491.025  4869-4988-6484.2

## XIV. FILING DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

All discovery and other material filed with the Court including, *inter alia*, transcripts of depositions or hearings, exhibits, briefs and memoranda, to the extent they comprise or contain Confidential Information, shall be filed in conformity with Arizona Rule of Civil Procedure 5.4. The following procedures shall apply regarding any paper sought to be filed under seal pursuant to this Protective Order:

A.  The Parties shall first confer regarding the need to file Confidential Information with the Court, in a good faith attempt to reach an agreement regarding whether Confidential Information should be filed under seal. If an agreement is reached, the Parties shall submit to the Court a proposed Stipulated Order in compliance with Arizona Rule of Civil Procedure 5.4(d). If an agreement is not reached, the Party seeking to file Confidential Information under seal shall file a motion in compliance with Arizona Rule of Civil Procedure 5.4(d).

B.  Regardless of any provision in this Order to the contrary, a Party does not have to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

C.  A Party who has filed material under seal must retrieve that material, not later than 60 days after the conclusion of the case, including any appeal.

D.  Prior to trial, the Parties shall discuss, and seek court approval of, a plan to allow for use of Confidential Information at trial that still protects that Confidential Information from disclosure.

## XV. USE OF CONFIDENTIAL INFORMATION AT TRIAL

This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any document, testimony or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

10

1491.025 4869-4988-6484.2

1  and Parties' attention by motion or in a pretrial memorandum without disclosing the

2  Confidential Information.  The Court may thereafter make such orders as are necessary to

3  govern the use of such documents or information at trial.  In the event that Confidential

4  Information is used in open court during any court proceeding or filed as a trial exhibit, the

5  material shall lose its confidential status and become part of the public record, unless the

6  Disclosing Party applies for and obtains an order from the court specifically maintaining the

7  confidential status of the particular material.  Prior to any court proceeding in which

8  Confidential Information is to be used, counsel will confer in good faith on such procedures

9  that may be necessary or advisable to protect the confidentiality of any such Confidential

10  Information.

11  **XVI.  CONCLUSION OF LITIGATION**

12      Within 60 calendar days after the final disposition of this Proceeding, including any

13  appeals, each Receiving Party must either return all Confidential Information to the

14  Disclosing Party or destroy such material, including all copies, abstracts, compilations,

15  summaries, and any other form in which the Confidential Information may have been

16  reproduced or captured.

17      Whether the Confidential Information is returned or destroyed, the Receiving Party

18  must submit a written certification to the Disclosing Party by the 60-day deadline that (a)

19  confirms all the Confidential Information that was returned or destroyed and (b) affirms that

20  the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any

21  other format reproducing or capturing any of the Confidential Information.

22      Notwithstanding this provision, counsel for the Receiving Party may retain an archival

23  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

24  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

25  product and consultant and expert work product, even if such materials contain Confidential

26  Information.  Any such archival copies that contain or constitute Confidential Information

27  remain subject to this Order.

28  / / /

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

11

1491.025  4869-4988-6484.2

# XVII. <u>MODIFICATION</u>

Any party may apply for modification of this Order, including relief from the terms of this Order, modification of its terms, or the imposition of additional protections, upon reasonable notice to the Parties, and only after the party who seeks modification shall have contacted counsel for the Parties to attempt to resolve the issues that are the subject of the modification. This Order shall not be deemed a waiver by any party of its right to object to any discovery on any of the grounds provided by the Arizona Rules of Civil Procedure, Arizona Rules of Evidence, and the case law construing the same. The entry of this Order shall not create any presumption that any Confidential Information designated as such by a party is in fact Confidential Information. Moreover, this Order shall not be deemed to expand the scope of discovery in the Proceeding beyond the limits otherwise prescribed by law or to enlarge the scope of discovery to matters unrelated to this Proceeding.

# XVIII. <u>CONTINUING JURISDICTION</u>

Except as stated below, the Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order, and such other and further relief as may be necessary.

# XIX. <u>SURVIVAL</u>

This Protective Order shall survive the final disposition of the Litigation, by judgment, dismissal, settlement, appeal, or otherwise.

# XX. <u>PRODUCTION NOT A WAIVER</u>

The production of Confidential Information pursuant to this order is not intended to constitute a waiver of any privilege or right to claim the Confidential status of the documents, materials, or information produced. Any inadvertent disclosure or production of documents protected by the attorney-client privilege or work product doctrine shall not constitute a waiver of either available privilege or protection by the disclosing Party. Upon request of the producing Party, the receiving Party shall promptly return the inadvertently produced documents, and those documents and the information contained therein shall not be used for

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

12

1491.025  4869-4988-6484.2

1   any reason.  This Order shall be interpreted to provide the maximum protection allowed by

2   Arizona Rule of Evidence 502.

3   **XXI.   AGREEMENT BY DISCLOSEES**

4           Before being given access to Confidential Material, each person described in Section

5   V shall be advised of the terms of the Order, shall be given a copy of this Order, and shall

6   sign a copy of Exhibit A subjecting them to the jurisdiction of this Court for purposes of

7   enforcement of this Order by the full gamut of sanction, the Court's civil and criminal

8   contempt powers, and all other civil and criminal penalties and remedies available under the

9   law. Each fully executed acknowledgment by a disclosee shall be maintained by the attorney

10  who provided the Confidential Material to the disclose, until final conclusion of all aspects

11  of this litigation.  Upon conclusion of this litigation, the executed acknowledgments shall be

12  filed with the Court.

13

14  Dated: _____                    _____

15                                                      The Honorable Peter Thompson

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

13

1491.025  4869-4988-6484.2

1   BREMER WHYTE BROWN & O'MEARA LLP
    John J. Belanger, Esq., State Bar No. 021671
2   jbelanger@bremerwhyte.com
    Ryan S. Leibel, Esq., State Bar No. 037068
3   rleibel@bremerwhyte.com
    8950 South 52nd Street, Suite 201
4   Tempe, AZ 85284
    Telephone:  (602) 274-1204
5   Facsimile:  (602) 274-1205

6   Attorneys for Defendant,
    Costco Wholesale Corporation
7

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                  IN AND FOR THE COUNTY OF MARICOPA

10

11  LUISA ACOSTA, an individual,          )   Case No. CV2021-093409
                                          )
12              Plaintiff,                )   **STIPULATION TO DISMISS**
                                          )   **DEFENDANTS JEFF FELZ AND**
13          vs.                           )   **JANE DOE FELZ, ONLY, WITH**
                                          )   **PREJUDICE**
14  COSTCO WHOLESALE CORPORATION,         )
    a Washington Corporation, JEFF FELZ and )  (Assigned to the Honorable Peter
15  JANE DOE FELZ, husband and wife; ABC  )   Thompson)
    CORPORATIONS, 1-10; XYZ               )
16  PARTNERSHIPS 1-10; and JOHN AND       )
    JANE DOES 1-10, inclusive,            )
17                                        )
                Defendants.               )
18  _____ )

19          Plaintiff Luisa Acosta ("Plaintiff") and Defendant Costco Wholesale Corporation

20  ("Defendant"), by and through their respective counsel undersigned, hereby stipulate and

21  agree that Plaintiff's claims against Jeff Felz and Jane Doe Felz **ONLY** in the above-

22  captioned and numbered cause of action shall be dismissed, with prejudice, with each of the

23  parties to bear their own attorney's fees, costs, and other expenses.

24  Dated: May 10, 2022                  BREMER WHYTE BROWN & O'MEARA LLP

25

26                                       By:  /s/ John Belanger
                                              John J. Belanger, Esq.
27                                            Ryan S. Leibel, Esq.
                                              Attorneys for Defendant
28                                            Costco Wholesale Corporation

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

1491.025  4888-1393-5902.2

BIG CHAD LAW, LLC


By:  */s/ Spenser W. Call (with permission)*
　　　Chad A. Schaub, Esq.
　　　Spenser W. Call, Esq.
　　　Attorneys for Plaintiff
　　　Luisa Acosta

**ORIGINAL** of the foregoing e-filed this
10th day of May 2022 with:

Clerk of the Court
Maricopa County Superior Court
*(via TurboCourt)*

**COPY** of the foregoing e-mailed this
10th day of May to:

chad@bigchadlaw.com
spenser@bigchadlaw.com
erin@bigchadlaw.com
Chad A. Schaub, Esq.
Spenser W. Call, Esq.
Big Chad Law, LLC
500 West Ray Road, Suite 10
Chandler, Arizona 85225
*Attorneys for Plaintiff*

By: */s/ DD Waldron*

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

1491.025  4888-1393-5902.2

BREMER WHYTE BROWN & O'MEARA LLP
John J. Belanger, Esq., State Bar No. 021671
jbelanger@bremerwhyte.com
Ryan S. Leibel, Esq., State Bar No. 037068
rleibel@bremerwhyte.com
8950 South 52nd Street, Suite 201
Tempe, AZ 85284
Telephone:  (602) 274-1204
Facsimile:  (602) 274-1205

Attorneys for Defendant,
Costco Wholesale Corporation

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LUISA ACOSTA, an individual,<br><br>        Plaintiff,<br><br>        vs.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation, JEFF FELZ and JANE DOE FELZ, husband and wife; ABC CORPORATIONS, 1-10; XYZ PARTNERSHIPS 1-10; and JOHN AND JANE DOES 1-10, inclusive,<br><br>        Defendants. | Case No. CV2021-093409<br><br>**[proposed] ORDER GRANTING DISMSISSAL OF DEFENDANTS JEFF FELZ AND JANE DOE FELZ WITH PREJUDICE**<br><br>(Assigned to the Honorable Peter Thompson) |

Having reviewed the parties' Stipulation to Dismiss Plaintiff's claims against Defendants Jeff Felz and Jane Doe Felz, only, with prejudice, and good cause showing;

IT IS HEREBY ORDERED that the claims of Plaintiff Luisa Acosta be dismissed, with prejudice, as to Jeff Felz and Jane Doe Felz, each party to bear their own attorneys' fees and costs.

DATED _____, 2022

_____
Honorable Peter Thompson
Maricopa County Superior Court Judge

1491.025 4871-5633-3854.1

CLERK OF THE SUPERIOR COURT
FILED

MAY 1 3 2022    @ 11:11am

V. Felix, Deputy

1 | BREMER WHYTE BROWN & O'MEARA LLP
John J. Belanger, Esq., State Bar No. 021671
2 | jbelanger@bremerwhyte.com
Ryan S. Leibel, Esq., State Bar No. 037068
3 | rleibel@bremerwhyte.com
8950 South 52nd Street, Suite 201
4 | Tempe, AZ 85284
Telephone: (602) 274-1204
5 | Facsimile: (602) 274-1205

6 | Attorneys for Defendant,
Costco Wholesale Corporation

7

8 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9 | **IN AND FOR THE COUNTY OF MARICOPA**

10

11 | LUISA ACOSTA, an individual,                )   Case No. CV2021-093409
                                                                )
12 |                    Plaintiff,                           )   [proposed] ORDER GRANTING
                                                                )   DISMSISSAL OF DEFENDANTS
13 |          vs.                                             )   JEFF FELZ AND JANE DOE FELZ
                                                                )   WITH PREJUDICE
14 | COSTCO WHOLESALE CORPORATION,  )
a Washington Corporation, JEFF FELZ and  )   (Assigned to the Honorable Peter
15 | JANE DOE FELZ, husband and wife; ABC  )   Thompson)
CORPORATIONS, 1-10; XYZ                      )
16 | PARTNERSHIPS 1-10; and JOHN AND     )
JANE DOES 1-10, inclusive,                   )
17 |                                                            )
                   Defendants.                           )
18 |                                                            )

19 |          Having reviewed the parties' Stipulation to Dismiss Plaintiff's claims against

20 | Defendants Jeff Felz and Jane Doe Felz, only, with prejudice, and good cause showing;

21 |          IT IS HEREBY ORDERED that the claims of Plaintiff Luisa Acosta be dismissed,

22 | with prejudice, as to Jeff Felz and Jane Doe Felz, each party to bear their own attorneys' fees

23 | and costs.

24

25 |          DATED _May 12_____, 2022

26

27 |                                                        Honorable Peter Thompson
Maricopa County Superior Court Judge
28

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

1491.025  4871-5633-3854.1

1  BREMER WHYTE BROWN & O'MEARA LLP
   John J. Belanger, Esq., State Bar No. 021671
2  jbelanger@bremerwhyte.com
   Ryan S. Leibel, Esq., State Bar No. 037068
3  rleibel@bremerwhyte.com
   8950 South 52nd Street, Suite 201
4  Tempe, AZ 85284
   Telephone:  (602) 274-1204
5  Facsimile:  (602) 274-1205

6  Attorneys for Defendant,
   Costco Wholesale Corporation
7

8             IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                  IN AND FOR THE COUNTY OF MARICOPA

10

11  LUISA ACOSTA, an individual,          )   Case No. CV2021-093409
                                          )
12              Plaintiff,                )   **STIPULATION FOR PROTECTIVE
                                          )   AND CONFIDENTIALITY ORDER**
13        vs.                             )
                                          )   (Assigned to the Honorable Peter
14  COSTCO WHOLESALE CORPORATION,         )   Thompson)
    a Washington Corporation, JEFF FELZ and )
15  JANE DOE FELZ, husband and wife; ABC  )
    CORPORATIONS, 1-10; XYZ              )
16  PARTNERSHIPS 1-10; and JOHN AND      )
    JANE DOES 1-10, inclusive,           )
17                                        )
                Defendants.               )
18  _____ )

19        IT IS HEREBY STIPULATED by and between Plaintiff Luisa Acosta ("Plaintiff")

20  and Defendant Costco Wholesale Corporation ("Costco") (collectively, the "Parties") that the

21  Court may enter the Parties' proposed Protective and Confidentiality Order.  The Parties

22  agree that they each have or may have certain documents containing confidential information.

23  Costco may have documents containing confidential proprietary, technical, or information

24  related to Costco's internal commercial business operations that may be relevant to the issues

25  in controversy and may be produced or disclosed during the course of discovery in this

26  litigation.  Plaintiff may wish to enter her medical records and bills under the proposed Order.

27        WHEREFORE, the Parties request the Court enter the proposed stipulated Protective

28  and Confidentiality Order lodged concurrently herewith.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

1491.025  4886-9871-4644.2

1 | Dated:  April 8, 2022                     BREMER WHYTE BROWN & O'MEARA LLP

2

3 |                                           By:  /s/ John Belanger
                                                  John J. Belanger, Esq.
4 |                                                Ryan S. Leibel, Esq.
                                                  Attorneys for Defendant
5 |                                                Costco Wholesale Corporation

6

7 |                                           BIG CHAD LAW, LLC

8

9 |                                           By:  /s/ Spenser W. Call (with permission)
                                                  Chad A. Schaub, Esq.
10 |                                               Spenser W. Call, Esq.
                                                  Eric J. Jeide, Esq.
11 |                                               Attorneys for Plaintiff
                                                  Luisa Acosta

12

13

14 | **ORIGINAL** of the foregoing e-filed this
     8th day of April 2022 with:
15

16 | Clerk of the Court
     Maricopa County Superior Court
17 | *(via TurboCourt)*

18 | **COPY** of the foregoing e-mailed this
19 | 8th day of April 2022 to:

20 | chad@bigchadlaw.com
21 | spenser@bigchadlaw.com
     eric@bigchadlaw.com
22 | Chad A. Schaub, Esq.
     Spenser W. Call, Esq.
23 | Eric J. Jeide, Esq.
24 | BIG CHAD LAW, LLC
     500 West Ray Road, Suite 10
25 | Chandler, Arizona 85225
     *Attorneys for Plaintiff*
26

27 | By: /s/ DD Waldron

28

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

2

1491.025  4886-9871-4644.2

1  BREMER WHYTE BROWN & O'MEARA LLP
   John J. Belanger, Esq., State Bar No. 021671
2  jbelanger@bremerwhyte.com
   8950 South 52nd Street, Suite 201
3  Tempe, AZ 85284
   Telephone:  (602) 274-1204
4  Facsimile:  (602) 274-1205

5  Attorneys for Defendant,
   Costco Wholesale Corporation
6

7

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                 IN AND FOR THE COUNTY OF MARICOPA

10

11  LUISA ACOSTA, an individual,          )  Case No. CV2021-093409
                                          )
12          Plaintiff,                    )  **[proposed] PROTECTIVE AND**
                                          )  **CONFIDENTIALITY ORDER**
13      vs.                               )
                                          )  (Assigned to the Honorable Peter
14  COSTCO WHOLESALE CORPORATION,         )  Thompson)
    a Washington Corporation, JEFF FELZ and )
15  JANE DOE FELZ, husband and wife; ABC  )
    CORPORATIONS, 1-10; XYZ              )
16  PARTNERSHIPS 1-10; and JOHN AND       )
    JANE DOES 1-10, inclusive,            )
17                                        )
            Defendants.                   )
18  _____)

19       **IT IS HEREBY ORDERED** by and between Plaintiff Luisa Acosta ("Plaintiff") and

20  Defendant Costco Wholesale Corporation ("Costco") (collectively, the "Parties"), granting

21  the Parties' Stipulation for Protective and Confidentiality Order to address the confidentiality

22  and potential dissemination of discovery documents to be produced by the Parties.  In order

23  to preserve the rights of the Parties to claim the confidentiality of certain documents to be

24  produced in this litigation, the Court orders as follows:

25  I.   **SCOPE**

26       The provisions of this Protective Order ("Order") shall govern the disclosure and use

27  by the parties in the above-entitled proceeding (Superior Court of Arizona, Maricopa County,

28  Case No. CV2021-093409) ("Proceeding") of all documents, materials and/or information

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

1491.025  4869-4988-6484.2

designated in good faith as "Confidential Information," in accordance with the terms of the Order.  The Parties shall undertake in good faith to designate as confidential only those documents which they believe contain confidential, commercially sensitive, or proprietary information.

**II.**   **DEFINITIONS**

In this Order, the words set forth below shall have the following meanings:

A.   "**Court**" means the Hon. Peter Thompson or any other judge or arbitrator to which this Proceeding may be assigned, including Court staff participating in such proceedings.

B.    "**Confidential Information**" as used in this Protective Order means Plaintiff's medical documentation or information, or Costco's documentation and information related to internal business operations, designated trade secrets, or other confidential research, pricing, development, technical, procedural, financial or commercial information or personal-identifying information that satisfies the criteria imposed by Arizona Rule of Civil Procedure 26(c)(1)(G) and/or any other state or federal statute imposing restrictions on the dissemination of confidential personal or commercial information.  Any party or non-party (the "Designating Party") may designate as "Confidential" any document, information contained in a document, information revealed during a deposition or information revealed in an interrogatory, answer, or any other discovery response that contains Confidential Information that they produced or that was produced by a non-party but contains Confidential Information relating to the Designating Party.

C.   "**Disclosing Party**" means any party to this Proceeding or any non-party disclosing or producing Confidential Information in connection with this Proceeding.

D.   "**Receiving Party**" means any party to this Proceeding and any non-party that receives Confidential Information.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

2

1491.025  4869-4988-6484.2

E.    "**Discovery Material**" means all items or information produced or generated in disclosures or responses to discovery in this Proceeding, regardless of the medium or manner in which it was stored, generated, or maintained.

F.    "**Document**" shall have the same meaning as defined in Arizona Rule of Evidence 1001, and shall include, without limitation, all original, written, recorded, electronic or graphic, materials, and all copies, duplicates or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

G.    "**Protectable Documents**" means materials, including materials in electronic format, within the scope of Arizona Rule of Civil Procedure 26(b) to be produced or otherwise disclosed by the Parties in this case and which also contain Confidential Information.

H.    "**Confidential Material**" means any deposition testimony, or an electronic or printed transcript of deposition testimony and any document(s) (whether hard copy or electronic format) designated as "Confidential" pursuant to Section III of this Order and any Confidential Information claimed to be contained therein, to the extent allowed by this Order.

## III.   DESIGNATING CONFIDENTIAL INFORMATION

All Confidential Information as defined in Paragraph II(B) of this Order shall be designated as such by affixing a stamp or label (electronic or otherwise) indicating its status as "CONFIDENTIAL" on each page deemed Confidential.  In the event that Confidential Information is disclosed in a form not appropriate for placing or affixing a legend (i.e. native files), such Confidential Information shall be designated as Confidential by producing a log indicating what information, data, or documents are to be treated with the appropriate designation.  The use of a document as an exhibit at a deposition shall not in any what affect its designation as Confidential.

/ / /

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

3

1491.025 4869-4988-6484.2

Answers to interrogatories and responses to requests for admission that contain Confidential Information will be prefaced with the appropriate designation, and all pages thereof containing such Confidential information will be marked with the appropriate designation.

A Disclosing Party may designate as Confidential the portions of a transcript containing such material.  The Disclosing Party shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Confidential Information ("**Confidential Testimony**") either orally at the deposition or in writing no later than 30 calendar days after receipt from the court reporter of the final deposition transcript.  During the 30-day period, the parties shall treat the entire transcript as Confidential.  The court reporter shall mark "CONFIDENTIAL" on the face of the transcript and at the beginning and end of any portions of Confidential Testimony.  A transcript containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential Testimony, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential.  The failure to timely designate deposition testimony as Confidential Testimony waives any such designation unless otherwise ordered by the Court or agreed in writing by all parties.

**IV.   LATER DESIGNATIONS OF CONFIDENTIAL INFORMATION**

Inadvertent failure to designate materials as Confidential when produced may be remedied by a supplemental written notice by the Disclosing Party, who must notify the Receiving Party within seven calendar days after discovery that it inadvertently failed to designate the information as confidential.  If such notice is given, all documents, materials or testimony so designated shall be subject to this Order as if they had been initially designated as Confidential to the extent that such documents, materials or testimony fall within the definition of Confidential Information.  Therefore, the Receiving Party should notify any non-party to whom disclosure was made about the confidentiality of designations.

The foregoing provision shall not apply to any documents that have already otherwise become publicly available.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

4

1491.025  4869-4988-6484.2

## V.  LIMITED USE OF CONFIDENTIAL INFORMATION

All Confidential Information produced or disclosed in the Proceeding shall be used solely for the prosecution or defense (including any appeal) of this Proceeding, and shall not be used for any other purposes, whether commercial, litigation-related, or otherwise.

## VI.  PERMITTED DISCLOSURES

Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

A.  Counsel of Record in this Proceeding, as well as Counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Proceeding;

B.  The named parties including in-house counsel, officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Proceeding;

C.  During their deposition and deposition preparation, witnesses in the Proceeding to whom disclosure is reasonably necessary and who have signed the Acknowledgement attached hereto as Exhibit A (although such individuals shall not be permitted to retain copies of Confidential Information);

D.  Experts, consultants, or investigators including their staff who have been shown a copy of this Order, advised of its contents and have signed the Acknowledgement attached hereto as Exhibit A;

E.  Outside photocopying database service providers, trial support firms, litigation support services, and translators engaged by the parties during this Proceeding to whom disclosure is reasonably necessary for this Proceeding;

F.  The Court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel and jurors;

G.  Court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Proceeding;

BREMER WHYTE BROWN & O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

5

1491.025 4869-4988-6484.2

H.  Any mediator or arbitrator engaged by the named parties in connection with this Proceeding;

I.  The author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information; and

J.  Other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

Any person or entity in possession of Confidential Information shall maintain those materials in a reasonably secure manner and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Confidential Information is not further disclosed or used in any manner inconsistent with this Order. The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by parties or counsel to and in court or in other settings that might disclose protected material to persons not authorized to receive such material.

Nothing in this Order shall be construed as limiting a Disclosing Party's use of its own Confidential Information.  If the Disclosing Party disseminates its own information outside of the confines of this Order, such information shall no longer be subject to this Order. In addition, nothing in this Order shall prevent or in any way limit disclosure, use, or dissemination of any Confidential Information that:

1.  is or became public knowledge, not in breach of this Order;

2.  was acquired by a party from a non-party having the right to disclose such information; or

3.  was learned by a party as a result of that party's own independent efforts, investigation, or inquiry.

/ / /

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

6

1491.025 4869-4988-6484.2

1   If a dispute arises as to disclosure limitations for any specific Confidential

2 Information, the burden shall be on the party seeking unlimited disclosure to prove that such

3 Confidential Information was lawfully obtained through the above means or sources.

4 **VII.   NON-SHARING PROVISION**

5   To the extent the Parties are requested to produce documents it has determined should

6 not be subject to the sharing provision of this protective order in Section V above, the Parties

7 will designate such documents as "Non-Sharing".  Documents designated as "Non-Sharing"

8 shall not be shared under Section VI.

9 **VIII.   SANCTIONS**

10   Any party who violates this Order may be subject to all sanctions as provided by

11 Arizona Rules of Civil Procedure and case law construing the same, including monetary fines

12 or penalties, and/or a finding of civil contempt.

13 **IX.   DEPOSITIONS, HEARINGS, AND TRIAL**

14   No person may refuse to answer any question at a deposition, hearing, or trial on the

15 ground that the question requires the person to reveal Confidential Information.

16 **X.   PROCEDURE FOR CHALLENGING DESIGNATIONS**

17   No Party shall be obligated to challenge the propriety of a designation of Confidential

18 Information when initially received, and a failure to do so shall not preclude a subsequent

19 challenge thereto.  If, at any time, a party objects to a designation of Confidential Information

20 under this Order, the objecting party shall notify the Disclosing Party in writing.  Within 14

21 calendar days of receipt of such notification, counsel for the disclosing party and the objecting

22 party shall meet and confer in a good faith effort to resolve any disagreement regarding the

23 Disclosing Party's designation of the Confidential Information.  If, for whatever reason, the

24 parties do not resolve their disagreement within that time period, the party objecting to the

25 claim of confidentiality shall file a motion with the Court seeking resolution of the dispute.

26 The document subject to that motion will be treated as Confidential until the Court rules.

27 Nothing in this Order shall be construed as preventing any party from objecting to the

28

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

7

1491.025  4869-4988-6484.2

1   designation of any documents as Confidential or preventing any party from seeking further
2   protection for any material it produces in discovery.

3   **XI.    INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION**

4          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
5   Confidential Information to any person or in any circumstance not authorized under this
6   Order, the Receiving Party must, no later than 30 calendar days after learning of the
7   disclosure, (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use
8   its best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform
9   the person or persons to whom unauthorized disclosures were made of all the terms of this
10  Order, and (d) request such person or persons to execute the Acknowledgment that is attached
11  hereto as Exhibit A.

12         In addition, in the event a Disclosing Party produces two or more identical copies of
13  a document of which at least one copy is designated as Confidential and at least one copy is
14  not so designated, once such a discrepancy is discovered, all copies of the document shall be
15  treated with the greatest amount of protection so designated.  If a Receiving Party identifies
16  such a discrepancy, it shall promptly notify the Disclosing Party.  Once the Disclosing Party
17  identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to
18  the Proceeding.

19  **XII.   INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

20         When a Disclosing Party gives notice to a Receiving Party that certain inadvertently
21  produced material is subject to a claim of privilege or other protection, the obligations of the
22  Receiving Party are those set forth in Arizona Rules of Civil Procedure, Rule 26.1(h).
23  Nothing contained in this Order shall affect, in any matter, any claim of privilege or work
24  product protections, including but not limited to attorney-client privileges under A.R.S. § 12-
25  2234 and privileges associated with utilization review, peer review, or quality assurance
26  activities.  (A.R.S. §§ 26-441, 36-445, 36-2402, or 36-2917.)

27  / / /

28  / / /

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

8

1491.025  4869-4988-6484.2

**XIII.  SUBPOENA**

If a Receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels disclosure of any Confidential Information, that Receiving Party must: (a) promptly notify in writing the Disclosing Party and provide it with a copy of the subpoena or court order; (b) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this Order; and (c) cooperate with respect to all reasonable procedures pursued by the Disclosing Party whose Confidential Information may be affected.

A.  The Disclosing Party must notify the Receiving Party within 30 calendar days of receiving the notice and accompanying information if it intends to seek a protective order from the court to avoid disclosure of the Confidential Information.

B.  If the Disclosing Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court form which the subpoena or order issued, unless the Disclosing Party consents to such production in writing. The Disclosing Party shall bear the burden and expense of seeking protection of its Confidential Information in the court that issued the subpoena or court order.

C.  If the Disclosing Party fails to object or seek a protective order form the court within 30 calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Confidential Information responsive to the subpoena or court order.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Proceeding to disobey a lawful directive from another court.

/ / /

/ / /

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

9

1491.025  4869-4988-6484.2

**XIV.  FILING DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION**

All discovery and other material filed with the Court including, *inter alia*, transcripts of depositions or hearings, exhibits, briefs and memoranda, to the extent they comprise or contain Confidential Information, shall be filed in conformity with Arizona Rule of Civil Procedure 5.4.  The following procedures shall apply regarding any paper sought to be filed under seal pursuant to this Protective Order:

A.  The Parties shall first confer regarding the need to file Confidential Information with the Court, in a good faith attempt to reach an agreement regarding whether Confidential Information should be filed under seal.  If an agreement is reached, the Parties shall submit to the Court a proposed Stipulated Order in compliance with Arizona Rule of Civil Procedure 5.4(d).  If an agreement is not reached, the Party seeking to file Confidential Information under seal shall file a motion in compliance with Arizona Rule of Civil Procedure 5.4(d).

B.  Regardless of any provision in this Order to the contrary, a Party does not have to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

C.  A Party who has filed material under seal must retrieve that material, not later than 60 days after the conclusion of the case, including any appeal.

D.  Prior to trial, the Parties shall discuss, and seek court approval of, a plan to allow for use of Confidential Information at trial that still protects that Confidential Information from disclosure.

**XV.  USE OF CONFIDENTIAL INFORMATION AT TRIAL**

This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any document, testimony or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order.  A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

10

1491.025  4869-4988-6484.2

1 and Parties' attention by motion or in a pretrial memorandum without disclosing the

2 Confidential Information.  The Court may thereafter make such orders as are necessary to

3 govern the use of such documents or information at trial.  In the event that Confidential

4 Information is used in open court during any court proceeding or filed as a trial exhibit, the

5 material shall lose its confidential status and become part of the public record, unless the

6 Disclosing Party applies for and obtains an order from the court specifically maintaining the

7 confidential status of the particular material.  Prior to any court proceeding in which

8 Confidential Information is to be used, counsel will confer in good faith on such procedures

9 that may be necessary or advisable to protect the confidentiality of any such Confidential

10 Information.

11 **XVI.   CONCLUSION OF LITIGATION**

12      Within 60 calendar days after the final disposition of this Proceeding, including any

13 appeals, each Receiving Party must either return all Confidential Information to the

14 Disclosing Party or destroy such material, including all copies, abstracts, compilations,

15 summaries, and any other form in which the Confidential Information may have been

16 reproduced or captured.

17      Whether the Confidential Information is returned or destroyed, the Receiving Party

18 must submit a written certification to the Disclosing Party by the 60-day deadline that (a)

19 confirms all the Confidential Information that was returned or destroyed and (b) affirms that

20 the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any

21 other format reproducing or capturing any of the Confidential Information.

22      Notwithstanding this provision, counsel for the Receiving Party may retain an archival

23 copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

24 memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

25 product and consultant and expert work product, even if such materials contain Confidential

26 Information.  Any such archival copies that contain or constitute Confidential Information

27 remain subject to this Order.

28 / / /

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

11

1491.025  4869-4988-6484.2

## XVII. MODIFICATION

Any party may apply for modification of this Order, including relief from the terms of this Order, modification of its terms, or the imposition of additional protections, upon reasonable notice to the Parties, and only after the party who seeks modification shall have contacted counsel for the Parties to attempt to resolve the issues that are the subject of the modification.  This Order shall not be deemed a waiver by any party of its right to object to any discovery on any of the grounds provided by the Arizona Rules of Civil Procedure, Arizona Rules of Evidence, and the case law construing the same.  The entry of this Order shall not create any presumption that any Confidential Information designated as such by a party is in fact Confidential Information.  Moreover, this Order shall not be deemed to expand the scope of discovery in the Proceeding beyond the limits otherwise prescribed by law or to enlarge the scope of discovery to matters unrelated to this Proceeding.

## XVIII. CONTINUING JURISDICTION

Except as stated below, the Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order, and such other and further relief as may be necessary.

## XIX.  SURVIVAL

This Protective Order shall survive the final disposition of the Litigation, by judgment, dismissal, settlement, appeal, or otherwise.

## XX.  PRODUCTION NOT A WAIVER

The production of Confidential Information pursuant to this order is not intended to constitute a waiver of any privilege or right to claim the Confidential status of the documents, materials, or information produced.  Any inadvertent disclosure or production of documents protected by the attorney-client privilege or work product doctrine shall not constitute a waiver of either available privilege or protection by the disclosing Party.  Upon request of the producing Party, the receiving Party shall promptly return the inadvertently produced documents, and those documents and the information contained therein shall not be used for

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

12

1491.025 4869-4988-6484.2

1  any reason.  This Order shall be interpreted to provide the maximum protection allowed by

2  Arizona Rule of Evidence 502.

3  **XXI.  <u>AGREEMENT BY DISCLOSEES</u>**

4  Before being given access to Confidential Material, each person described in Section

5  V shall be advised of the terms of the Order, shall be given a copy of this Order, and shall

6  sign a copy of Exhibit A subjecting them to the jurisdiction of this Court for purposes of

7  enforcement of this Order by the full gamut of sanction, the Court's civil and criminal

8  contempt powers, and all other civil and criminal penalties and remedies available under the

9  law. Each fully executed acknowledgment by a disclosee shall be maintained by the attorney

10  who provided the Confidential Material to the disclose, until final conclusion of all aspects

11  of this litigation.  Upon conclusion of this litigation, the executed acknowledgments shall be

12  filed with the Court.

13

14  Dated: _____          _____

15                                                   The Honorable Peter Thompson

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

13

1491.025  4869-4988-6484.2

# Exhibit A

## **EXHIBIT A**

**DECLARATION OF ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

1.     I confirm that I have read the Stipulation and Protective Order entered in *Luisa Acosta v. Costco Wholesale Corporation, al.* in the Maricopa County Superior Court, Case No. CV2021-093409, a copy of which is attached hereto.

2.     I hereby confirm that:

    a.     I will maintain the confidentiality of the Confidential Information in accordance with the Stipulation and Protective Order and will use, store, and maintain such information in accordance with that Stipulation and Protective Order and so as to prevent the disclosure of such Confidential Information to any unauthorized person.

    b.     I will use any Confidential Information imparted to me solely for the purpose of the above Litigation, and I will make no commercial use or any other litigation or non-litigation use of any part of such Confidential Information and shall not assist or permit any other person to do so.

    c.     Within thirty (30) days after receiving written notice, I will return all Confidential Information and all copies thereof, including all notes, abstracts, summaries, and memoranda relating thereto which contain any of the substance thereof, to the person or party from whom I received the Confidential Information.

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

_____
(Signature)

_____
Print Name

_____
Date

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

1491.025  4862-5512-9883.3